## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Lee Kirk,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 19-213 ADM/HB

---

Ruth Shnider, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Lee Kirk, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Lee Kirk's ("Kirk") Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 83].  Kirk requests a compassionate release of his sentence based on his health concerns amid the COVID-19 pandemic.  Letters in support of the Motion have been filed by Kirk, his family members, and friends.  See Letters [Docket Nos. 89, 90].  The Government has filed a Response [Docket No. 85] opposing the Motion.  For the reasons stated below, the Motion is denied.

## II.  BACKGROUND

On October 3, 2019, Kirk entered a plea of guilty to a single count of Possession with Intent to Distribute Fentanyl and Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Min. Entry [Docket No. 24]; Plea Agreement [Docket No. 25].  This was not Kirk's first federal drug felony.  In 2009, he was convicted of conspiracy to distribute cocaine,

and was sentenced to 60 months.  Presentence Investigation Report ("PSR") ¶ 63.  Kirk also has four state felony drug convictions—one in 2003 and three in 1995.

At the time of his guilty plea, Kirk's pretrial conditions required him to reside at a halfway house.  However, the conditions were modified in November 2019 to allow Kirk to live at his wife's home because he was having eye surgery and would need daily assistance.

Kirk's sentencing was initially scheduled for February 2020, but was rescheduled to March 2020 to allow him to wind down his mother's estate following her death in January 2020. In March 2020, all in-person criminal hearings in this district were postponed due to the COVID-19 pandemic.  Kirk's sentencing was again continued based on Kirk's desire to have the proceedings in person.

After in-person hearings resumed in the district, Kirk requested that sentencing be postponed until the availability of a COVID-19 vaccine.  See Letter [Docket No. 52].  The Government opposed the request.  See Letter [Docket No. 53].  The Court scheduled sentencing for November 5, 2020.

The week before sentencing, Kirk moved for his surrender date be stayed for 90 days following sentencing, due to his multiple medical conditions that placed him at risk of severe illness or death from COVID-19.  Sentencing Mem. [Docket No. 57].  Kirk's medical issues included "diabetes, poor heart function, prior pneumonia, obstructive sleep apnea, flare-ups of asthma, morbid obesity, limited mobility, and sequelae of a stroke that occurred on the left side of his brain."  Cahill Decl. [Docket No. 57, Attach. 1] at ¶ 3.  The Government opposed the request to stay Kirk's surrender for 90 days, but did not oppose that he be permitted to self-surrender upon receiving his Bureau of Prisons ("BOP") designation.  Gov't Resp. [Docket No.

2

62].

On November 5, 2020, the Court sentenced Kirk to the mandatory minimum sentence of 60 months.  Min. Entry [Docket No. 63]; Sentencing J. [Docket No. 65] at 2.  In determining Kirk's sentence, the Court expressly took "into account the complications caused by the COVID-19 virus and the severe physical health problems the defendant is experiencing."  Statement Reasons [Docket No. 66] at 4.  The Court denied Kirk's motion to stay his surrender date for 90 days, but ruled that Kirk be allowed to remain out of custody pending his BOP designation.

Kirk was ultimately designated to FMC Rochester with a surrender date of December 22, 2020.  On December 15, 2020, Kirk moved to continue his surrender date until February 15, 2021, so that he might obtain a COVID-19 vaccine before surrendering.  Mot. Continuance [Docket No. 69].  The Court denied the request because Kirk's designation to FMC- Rochester gave the Court confidence that his medical issues would be addressed, and because a vaccine would soon be available.  Order [Docket No. 71].  However, the Court extended Kirk's surrender date by one week to December 28, 2020.  Id.

On December 25, 2020, Kirk again moved to continue his surrender, citing a spike of COVID-19 cases at FMC-Rochester.  Second Mot. Continuance [Docket No. 72].  The Court delayed Kirk's surrender until January 25, 2021, at which time he went into custody.  Order [Docket No. 75].  Kirk is serving his sentence at FMC-Rochester and is projected to be released on April 23, 2025.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 7, 2021).

In April 2021, the BOP offered Kirk the COVID-19 vaccine, which he refused.  See Gov't Ex. 1 [Docket No. 86] at 1, 75, 77.  Kirk later decided to get vaccinated, and received both

3

doses of the Moderna vaccine on May 20 and June 16, 2021.  Id. at 1.  Kirk's BOP medical records show that he has not contracted COVID-19 while in prison.  See generally id.; Def. Ex. [Docket No. 83, Attach. 1].

Kirk now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Kirk, age 45, argues that his many health conditions—obesity, Type 2 diabetes, hypertension, congestive heart failure, obstructive sleep apnea, asthma, a heart attack in October 2018, and a stroke in February 2019—make him particularly vulnerable to severe illness or death were he to contract COVID-19.  Mot. at 3–4; Reply [Docket No. 88] at 2.  He also argues that the Moderna vaccine does not fully prevent him from contracting COVID-19.  Kirk further contends that the close confines of prison does not allow for preventative measures such as social distancing and the proper cleaning of high-touch surfaces.  He requests that his sentence be reduced to time served or, alternatively, to home confinement.  Kirk also asks the Court to appoint legal counsel to assist him with his compassionate release motion.

The Government opposes Kirk's compassionate release motion.  The Government argues that no extraordinary and compelling circumstances exist because Kirk has received the COVID-19 vaccine, which protects him against severe illness from the virus.  The Government also contends that the sentencing factors in 18 U.S.C. § 3553(a) militate against a sentence reduction, and that Kirk's medical conditions were taken into account when imposing his 60-month sentence.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release

4

provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Kirk has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility on March 18, 2021, and was denied on April 6, 2021.  Mot. at 2; Gov't Resp. at 6. His Motion is therefore ripe for review.

Kirk's health conditions, while serious, do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction.  Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated.  The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 vaccines are effective at preventing infection, serious illness, and death," and also protect against "disease caused by Delta and other variants circulating in the U.S."  CDC, COVID-19, The Possibility of Breakthrough Infections after Vaccination, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/ breakthrough-cases.html (last visited Oct. 7, 2021).  Although some vaccine breakthrough infections can occur, "[s]tudies so far show that vaccinated people are 8 times less likely to be

infected and 25 times less likely to experience hospitalization or death."  Id.

As a result, Kirk's health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction.  See United States v. Derden, No. 12-CR-0012 (PJS/SER), 2021 WL 3721848, at *2 (D. Minn. Aug. 23, 2021) (denying compassionate release for vaccinated inmate because the risk that the inmate would "be reinfected with COVID-19 or a variant and . . . become seriously ill" was "too speculative to justify his release"); United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) (finding no extraordinary and compelling reasons, despite defendant's medical conditions, because defendant "is or will soon be fully vaccinated against COVID-19"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

Kirk also has not shown a particularized risk of contracting COVID-19 at FMC-Rochester.  There are currently no inmates and only five staff members infected with COVID-19 at the facility.  See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2021).  Moreover, as of the date of this Order, 320 staff members and 563 of the facility's 625 inmates have been fully vaccinated against COVID-19.  Id.

Because Kirk is vaccinated against COVID-19 and is incarcerated at a facility with no active inmate cases of COVID-19, his medical conditions are not extraordinary and compelling reasons for his release.

Even if Kirk could show extraordinary and compelling circumstances, the sentencing

factors in § 3553(a) weigh against his release.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

The need for adequate deterrence and respect for the law warrant a sentence of 60 months, even when considering Kirk's medical conditions and the pandemic.  Kirk committed this federal drug trafficking crime after he had previously been convicted for four state drug convictions and a federal felony conviction for conspiracy to distribute cocaine base.  The 60-month sentence Kirk received for the prior federal drug felony was not sufficient to deter him from reoffending.  Typically, the Court would have imposed an escalating punishment for the present offense.  However, the Court accounted for Kirk's medical conditions and the threat that COVID-19 posed, and determined that a 60-month sentence was appropriate "in light of the unique circumstances of [Kirk's] current health and the COVID-19 situation."  Sentencing Tr. Excerpt [Docket No. 81] at 6.  Accordingly, releasing Kirk at this time would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the crime committed.

Kirk's request for appointment of counsel is also denied.  A defendant does not have a Sixth Amendment right to counsel in a § 3582(c) proceeding.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Here, the Court declines to appoint counsel, given the straightforward nature of the issues involved in Kirk's § 3582(c) proceeding.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant Lee Kirk's Motion for Reduction in Sentence Pursuant to

18 U.S.C. § 3582(c)(1)(A) [Docket No. 83] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  October 7, 2021

8